IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STEVEN G. MAXFIELD, MARNEE ANDERSON, DANIEL NEWBY, and LORI NEWBY,<br><br>Plaintiff,<br>v.<br><br>SPENCER COX, in his official capacity as Governor of Utah, DEIDRE HENDERSON, in her official capacity as Lieutenant Governor of Utah, and JUSTIN LEE, in his official capacity Director of Elections and in his individual capacity,<br><br>Defendant. | **ORDER TO PREPARE SCHEDULE AND PREPARE FOR CASE MANAGEMENT CONFERENCE**<br><br>Case No. 4:21-cv-00031-DN<br><br>District Judge David Nuffer |

Because "the court and the parties [are] to secure the just, speedy, and inexpensive determination of every action and proceeding" and to fulfill the purposes of Rules 16 and 26 of the Federal Rules of Civil Procedure, this order provides (a) a method of preparing a schedule for the case and (b) a method of preparation for a Case Management Conference.

**IT IS HEREBY ORDERED:**

A. **PREPARATION OF A CASE SCHEDULE**

1. **Proposal of Schedule: Plaintiff must propose a schedule to defendant** in the form of a draft Attorney Planning Meeting Report within the earlier of fourteen (14) days after any defendant has appeared or twenty-eight (28) days after any defendant has been served with the complaint.

2. **Development of Schedule:** Within the earlier of twenty-eight (28) days after any defendant has appeared or within forty-two (42) days after any defendant has been served with the

Page 1

complaint (or such other time as may be ordered), **the parties shall meet and confer and do one of the following**:

    a.    **File a jointly signed Attorney Planning Meeting Report and also email a stipulated [Proposed Scheduling Order](#)** in word processing format to dj.nuffer@utd.uscourts.gov and a stipulated Motion for Initial Scheduling Conference; or

    b.    If the parties cannot agree on a Proposed Scheduling Order, plaintiff must **file a jointly signed Attorney Planning Meeting Report detailing the nature of the parties' disputes** and must also file a stipulated Motion for Initial Scheduling Conference; or

    c.    If the parties fail to agree on an Attorney Planning Meeting Report or on a stipulated Motion for Initial Scheduling Conference, **plaintiff must file a Motion for Initial Scheduling Conference**, which must include a statement of plaintiff's position as to the schedule. Any response to such a motion must be filed within seven days.

3.    **Initial Disclosures:** Each party shall make **initial disclosures** within 42 days after the first answer is filed. This deadline is not dependent on the filing of an Attorney Planning Meeting Report, the entry of a Scheduling Order, or the completion of a Case Management Conference.

4.    **Recommended Schedule:** The parties are urged to propose a schedule providing:

    a.    Filing, about eight weeks after initial disclosures, a deposition plan including names of deponents (or role, if name is unknown), place, and

        date of deposition. This should be added to the draft scheduling order as a new item 1. d.

   b.    Fact discovery completion no more than six months after the filing of the first answer.

   c.    Expert reports from the party with the burden of proof on that issue 28 days after the completion of fact discovery, and responsive reports 28 days thereafter.

   d.    Expert discovery completion 28 days after filing of an expert's report.

   e.    Dispositive motion filing deadline no more than 10 months after the filing of the first answer.

**B.   PREPARATION FOR CASE MANAGEMENT CONFERENCE**

Even if a stipulated scheduling order is submitted, a Case Management Conference will be held. The purpose of a Case Management Conference is to engage in a meaningful, thorough discussion about the case. At this time when the case is new, much information may be unknown or uncertain, but exploration of those areas and known information is important.

The parties must be prepared to address the following questions, in addition to those raised by the Attorney Planning Meeting Report:

   a.    In 5 minutes or less, each party should be able to describe the crucial facts, primary claims, and primary defenses.

   b.    Are all claims for relief necessary or are they overlapping? Can any claim for relief be eliminated to reduce discovery and expense?

   c.    Are all pleaded defenses truly applicable to this case? Can any be eliminated?

d. What 2-3 core factual or legal issues are most likely to be determinative of this dispute?

e. Who are the 1- 3 most important witnesses each side needs to depose? Is there any reason these witnesses cannot be deposed promptly?

f. Are any discovery issues, such as locations for depositions or deposition sequence, anticipated?

g. What types of experts are anticipated in the case?

h. What information would be most helpful in evaluating the likelihood of settlement?  Is there any reason it cannot be obtained promptly?

i. What would be an optimum time for the attorneys and parties to confer regarding settlement? Would a facilitated discussion be best?

j. Have the parties considered using the court's ADR resources, including settlement conferences and mediation services?

k. What could be done at the outset to narrow and target the discovery in the case?

l. What agreements have the parties reached regarding limitations on discovery, including discovery of ESI?

m. Is there a need to schedule follow-up status conferences?

Signed March 19th, 2021.

BY THE COURT

_____
Paul Kohler
United States Magistrate Judge